UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

                              Criminal Case No. 09-20107
v.                                    Civil Case No. 13-15262

Virgil Smoot, III,                   Sean F. Cox
                                         United States District Court Judge

    Defendant/Petitioner.

_____/

## OPINION & ORDER
## DENYING MOTION TO VACATE SENTENCE UNDER § 2255

Defendant/Petitioner Virgil Smoot, III ("Petitioner") was convicted by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The matter is currently before the Court on Petitioner's motion under 28 U.S.C. § 2255 seeking to vacate his sentence. Having reviewed the materials submitted, together with the record of the underlying criminal case, the Court finds they conclusively show Petitioner is not entitled to relief on the claims asserted and, therefore, an evidentiary hearing is not needed in this matter. *See United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993). The Court also finds oral argument will not aid in the resolution of the motion. *See* 28 U.S.C. §2255; E.D. Mich. LR 7.1. For the reasons that follow, the Motion shall be DENIED.

### BACKGROUND

Petitioner was indicted on March 4, 2009, and was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Counsel was initially represented by appointed counsel, David Koelzer.

This Court's January 22, 2010 Order (Docket Entry No. 10) set a plea cut-off date of February 26, 2010.

A written plea agreement was sent to Mr. Koelzer on February 9, 2010. (*See* Docket Entry No. 63-1). That plea agreement contemplated a sentencing range of 84 to 105 months' imprisonment, provided that Petitioner would waive his right to an appeal and to relief under 28 U.S.C. § 2255, and expressly provided that the plea offer would expire unless it had been signed and received by February 23, 2010). (*Id.*). Petitioner did not accept the plea agreement and, therefore, it expired on February 23, 2010.

On April 8, 2010, prior to trial and *after the plea cut-off date imposed by this Court had already passed*, Petitioner obtained retained counsel who replaced Mr. Koelzer.

At trial, Petitioner was represent by his two retained attorneys, Jeffrey Clotheier and Mark Latchana. Trial began on April 27, 2010. The jury returned its guilty verdict on April 29, 2010. This Court sentenced Petitioner, on October 28, 2010, to 110 months' imprisonment.

Petitioner filed a direct appeal, during which he was represented by appointed counsel, in which he challenged his sentence and asserted that there was insufficient evidence for the jury to convict him of being a felon in possession of a firearm under 18 U.S.C. §(g)(1). The United States Court of Appeals for the Sixth Circuit affirmed. *United States v. Smoot*, Case No. 10-2563 (6th Cir. Feb. 13, 2013).

On December 27, 2013, Petitioner filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate his Sentence. In his motion and supporting brief, Petitioner asserts that his *"Trial counsel Mark W. Latchana* rendered ineffective assistance of counsel" in violation of Petitioner's constitutional rights where Mr. Latchana: 1) misadvised Petitioner to reject a plea agreement;

2) failed to file a motion to suppress evidence and failed to file a motion challenging the sufficiency of the evidence presented at trial; 3) failed to present possible exculpatory evidence at trial; 4) failed to file motions for acquittal and for new trial, based on insufficient evidence; and 5) failed "to file a requested appeal which [Petitioner] informed him he wished to file challenging the sufficiency of the evidence." Petitioner further asserts that the cumulative nature of the above alleged errors warrants him to relief. (*See* Docket Entry at Pg ID 643, 645, 646, 647, 649, & 651) (emphasis added).

The Government filed a timely response brief in opposition to Petitioner's Motion on April 4, 2014, and Petitioner filed a Reply Brief on May 5, 2014.

## STANDARD OF REVIEW

A federal prisoner may file a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the ground that the sentence imposed violates the United States Constitution. It is well established that when a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir.1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green v. Wingo*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir.1959), *United States v. Johnson*, 940 F.Supp. 167, 171 (W.D.Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on

the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir.1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir.1994) (applying *Brecht* to a § 2255 motion). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.1996).

## ANALYSIS

Because Petitioner is proceeding *pro se*, this Court is required to construe the pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). Even a *pro se* litigant, however, must set forth facts that entitle him to relief. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) (noting that a movant must set forth facts which entitle him to relief when making a motion to vacate or set aside a judgment under § 2255). Moreover, Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Court requires that a motion must, among other things, "state the facts supporting each ground" for relief. As judges in this district have recognized, "[n]either case law nor the Rules require the Court to guess the factual basis underpinning [a] Petitioner's claim or construct the legal arguments." *United States v. Graham*, 2010 WL 4825347 (E.D. Mich. 2010).

It is well established that there are two elements to a successful ineffective assistance claim: 1) the attorney's performance must have been deficient, and 2) the deficient performance must have actually prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

With these principals in mind, the Court examines the alleged errors by Petitioner's trial counsel Mark Latchana. Notably, Petitioner does not assert claims that his original counsel, Mr. Koelzer, or that his other retained attorney, Mr. Clothier, provided ineffective assistance of counsel. Rather, Petitioner asserts that his "*Trial counsel Mark W. Latchana* rendered ineffective assistance of counsel" in violation of Petitioner's constitutional rights where Latchana: 1) misadvised Petitioner to reject a plea agreement; 2) failed to file a motion to suppress evidence and failed to file a motion challenging the sufficiency of the evidence presented at trial; 3) failed to present possible exculpatory evidence at trial; 4) failed to file motions for acquittal and for new trial, based on insufficient evidence; and 5) failied "to file a requested appeal which [Petitioner] informed him he wished to file challenging the sufficiency of the evidence." (*See* Docket Entry at Pg ID 643, 645, 646, 647, 649, & 651) (emphasis added).

**1.   Mr. Latchana Mis-Advising Petitioner Regarding A Plea Agreement**

In his motion, Petitioner first asserts that Mr. Latchana provided ineffective assistance of counsel to him in that he mis-advised Petitioner regarding a plea deal. (Docket Entry No. 58 at Pg ID 643). Petitioner asserts that "[f]rom the outset of the case-in-chief" Petitioner informed his counsel that he would be "willing to accept a plea offer in order to forego trial." Petitioner states that his counsel advised him that the Government had discussed a plea deal of eight years imprisonment if he pleaded guilty. Petitioner states that he asked about the agreement during his next meeting with counsel but Counsel informed him that the government had not yet drafted the agreement but that eight years was as low as the government was willing to go. (Docket Entry No. 58 at Pg ID 643). Petitioner states that he continued to ask to see a plea agreement, "in order for him to make an informed decision,, but he did not ever receive a plea agreement from Mr.

5

Latchana.

The United States Supreme Court has held that the two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012). The performance prong of *Strickland* requires a defendant to show that counsel's representation fell below an objective standard or reasonableness. *Id*. To establish the prejudice prong of *Strickland* a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

As was the case in *Lafler*, "[h]aving to stand trial, not choosing to waive it, is the prejudice alleged" by Petitioner. "In these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court ( i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), *that the court would have accepted its terms*, and that the conviction or sentence, or both, under the offe''s terms would have been less severe than under the judgment and sentence that in fact were imposed." *Id*. at 1385 (emphasis added). Petitioner cannot make this required showing.

Notably, this Court's January 22, 2010 Order (Docket Entry No. 10) set a *plea cut-off date of February 26, 2010.* On April 8, 2010, prior to trial but *after the plea cut-off date imposed by this Court had already passed*, Petitioner obtained Mr. Latchana and Mr. Clothier as his retained counsel, who replaced Mr. Koelzer.

Accordingly, among other things, Petitioner cannot establish that this Court would have accepted any plea agreement reached after Mr. Latchana began representing Petitioner on April

8, 2010. That is, even if Petitioner could establish that, but for Mr. Latchana's ineffective assistance of counsel there is a reasonable probability that a plea offer would have been presented to, and accepted by Petitioner, *this Court* would not have accepted a plea agreement after this Court's express plea cutoff date of February 26, 2010. This claim therefore fails.

2.      **Failing To File A Motion To Suppress Evidence**

In connection with his second asserted ground for relief, Petitioner asserts that Mr. Latchana was ineffective for failing to file a motion to suppress some, unspecified, evidence. (*See* Docket Entry No. 58 at Pg ID 645). But Petitioner does not include any supporting facts as to the motion to suppress that should have been filed. That is, he has not identified the alleged grounds for any motion to suppress evidence. "Neither case law nor the Rules require the Court to guess the factual basis underpinning [a] Petitioner's claim or construct the legal arguments." *United States v. Graham*, 2010 WL 4825347 (E.D. Mich. 2010). Petitioner has not established that his counsel was ineffective based on this challenged action.

3.      **Failing To File Various Motions Challenging The Sufficiency Of The Evidence Presented At Trial**

In his second and fourth grounds for relief, Petitioner asserts that Mr. Latchana provided ineffective assistance of counsel in that he did not file various motions challenging the sufficiency of evidence presented at trial. (*See* Docket Entry No. 58 at Pg ID 645 & 647). Petitioner cannot establish that he was prejudiced by the failure to file those motions, however, because the Sixth Circuit ultimately ruled that "a rational trier of fact could have found that Smoot knowingly possessed the firearm.*"* *United States v. Smoot*, Case No. 10-2563 (Feb. 13, 2013).

4.      **Failing To Present Alleged Exculpatory Evidence At Trial**

As his third ground for relief, Petitioner asserts that Mr. Latchana provided ineffective assistance of counsel in that he "failed to present possible exculpatory evidence" at trial. (Docket Entry No. 58 at Pg ID 646). Petitioner asserts that he told Mr. Latchana that he had been caught wearing bullet-proof vests on several other occasions and that "in none of these occasions was [Petitioner] ever discovered carrying a concealed weapon." (Docket Entry No. 58 at Pg ID 646). Petitioner states that he "requested that counsel submit this evidence to rebut the governments theories concerning the vest and the firearm in order to present reasonable doubt in the minds of the jury." (*Id.*). This claim fails for at least two reasons.

First, evidence that shows that an individual acted lawfully on other occasions not charged in the indictment is generally inadmissible in that it does not negate the charge that the individual acted unlawfully on another occasion. *See, e.g. United States v. Mack*, 298 F.R.D. 349, 352 (N.D. Ohio 2014) (citations omitted).

Second, the possession of body armor by a convicted felon such as Petitioner may not be lawful conduct. Rather, it may constitute a criminal act under 18 U.S.C. § 931. Thus, defense counsel's decision not to introduce such evidence does not constitute ineffective assistance of counsel.

**5.      Failing To File Requested Appeal, Based On Insufficiency Of Evidence At Trial**

As his fifth grounds for relief, Petitioner asserts that Mr. Latchana provided ineffective assistance of counsel by failing "to file a requested appeal which [Petitioner] informed him he wished to file challenging the sufficiency of the evidence." But as the Government notes in its brief, appellate counsel was appointed for Petitioner and thus he was represented by counsel on appeal. Petitioner cannot establish that he was prejudiced by Mr. Latchana's failure to file a

8

notice of appeal because he was able, through another attorney, to raise the sufficiency of the evidence challenge on appeal.

## CONCLUSION AND ORDER

For the reasons set forth above, IT IS ORDERED that Petitioner's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 is DENIED.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2352(c)(2). Based on the above discussion, Petitioner has not made a substantial showing of the denial of a constitutional right. Petitioner's claims do not establish that "reasonable jurists would find the district's court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 528 US. 473, 484 (2000). Accordingly, IT IS ORDERED that a certificate of appealability is DENIED.

IT IS SO ORDERED.


Dated: October 16, 2014                      S/ Sean F. Cox
                                             Sean F. Cox
                                             U. S. District Judge


I hereby certify that on October 16, 2014, the foregoing document was served on counsel of record via electronic means and upon Virgil Smoot, III via First Class mail at the address below:

Virgil Smoot, III 43578-039
Terre Haute U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

                                             S/ J. McCoy
                                             Case Manager